[Civ. No. 1375.    Second Appellate District.—October 6, 1915.]

HELEN GRAND et al., Respondents, v. ADOLPH KAS-
VINER et al., Copartners, Appellants.

MASTER AND SERVANT—NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.
The liability of a master for the negligent acts of a servant is de-
pendent upon the existence of the relationship of master and ser-
vant and the commission of the acts within the scope of the em-
ployment.

ID.—COLLISION BETWEEN HORSE AND WAGON AND MOTORCYCLE—NEG-
LIGENCE OF DRIVER—LIABILITY OF OWNERS.—The owners of a horse
and wagon are liable in damages for injuries sustained by a person
while riding on a motorcycle, from a collision between the respective
vehicles caused by the negligence of the driver of the former, not-
withstanding that at the time of such accident the horse and wagon
were being returned to the stable at the close of the business day by
a person who was permitted to use the vehicle at times outside of
business hours as compensation for such service.

ID.—EVIDENCE—SPEED OF MOTORCYCLE.—In such an action, it is a rea-
sonable exercise of discretion, to exclude testimony relating to the
speed of the motorcycle at a place four or five blocks distant from
the place of the accident.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
J. O. Moncur, Judge presiding.

The facts are stated in the opinion of the court.

Sidney J. Parsons, for Appellants.

Walter L. Bowers, for Respondents.

CONREY, P. J.—In this action judgment was obtained
against the defendants in a sum allowed as damages for per-
sonal injuries suffered by the plaintiff Helen Grand in a colli-
sion between a motorcycle on which the plaintiff Helen Grand
was riding and a horse and wagon driven by the defendant
Pete Kasviner. At the time of the accident the motorcycle was
being driven by one V. B. Dortch with whom Mrs. Grand
was riding. The defendants Adolph Kasviner and Leon Kas-
viner appeal from the judgment and from an order denying
their motion for a new trial.

Upon sufficient evidence the court found that appellants were the owners of the horse and wagon and that the accident and injuries were caused by the negligence of the driver, Pete Kasviner, and these findings are not now in dispute. The principal attack upon the findings is directed to the finding that appellants had possession of their horse and wagon at the time of the accident, and that the defendant Pete Kasviner was at that time working for them and under their control. The evidence shows that appellants were engaged in a jobbing business connected with a produce market and that they used the wagon in that business daily, beginning at 9 o'clock in the morning. Their father, the defendant Pete Kasviner, had no interest in that business, but he was by the appellants permitted to use the wagon during certain hours of the day in the business of selling and delivering produce on his own account. After appellants finished using the horse and wagon for the day in their business, late in the afternoon the defendant Pete Kasviner would go to the place of business of the appellants and take the horse and wagon to the stable at the home of appellants. Adolph Kasviner himself testified concerning Pete Kasviner as follows: ''He does not use it for his own purposes at all after 9 o'clock in the morning, but only has it again in the afternoon to take home for us. On the day of the accident he was taking it home as usual and was not making any delivery nor using it for anything.''

We may assume that, as contended by counsel for appellants, they are not liable in this action for negligence of the defendant Pete Kasviner causing the accident and injuries unless the relation of master and servant existed between appellants and their codefendant, and then not unless the servant or agent was acting within the scope of his authority; that is, acting for the master and not for himself alone. The authorities relied upon by appellants uphold this doctrine. (*Stephenson* v. *Southern Pacific Co.*, 93 Cal. 558, [27 Am. St. Rep. 223, 15 L. R. A. 475, 29 Pac. 234]; *Baker* v. *Kinsey*, 38 Cal. 631, [99 Am. Dec. 438].) It is our opinion, however, that upon the facts of this case the negligence of the driver which caused the injuries complained of occurred in the course of employment of the driver while engaged in the business of the appellants, which business at that time consisted in returning their horse and wagon from their place of business to their stable. The fact that they compensated

him for this service by allowing him to use their property at other times, instead of paying him money for the service, does not change the character of the employment or affect their responsibility for his acts.

Appellants pleaded contributory negligence as a defense to this action. In connection with this defense they claim that the court erred in refusing to permit the witness F. H. Moore to testify as to the rapidity with which the motorcycle was being driven along San Pedro Street where he observed it. The collision occurred at the corner of San Pedro and Twenty-third streets. Moore testified that he had stopped at the corner of Twenty-eighth and San Pedro streets, five blocks distant from the place of the accident, and there observed the motorcycle pass. When he got to Twenty-third Street he found that there had been a collision between the motorcycle and the horse and wagon. He did not observe the motorcycle except during the first block of its passage from Twenty-eighth Street toward Twenty-third. To the question, "How rapidly was that motorcycle going?" objection was made and the objection was sustained by the court upon the ground that it was "too remote altogether." We think that the ruling was correct. It was at least a reasonable exercise of discretion to exclude testimony relating to the speed of the motorcycle at a place four or five blocks distant from the place of the accident. The distance and the fact that there were several intervening crossings would prevent such evidence from having close relation to the subject of speed at which the machine was moving at Twenty-third Street. Moreover, even if the evidence might properly have been admitted, we cannot say that any prejudicial error occurred, or that a new trial should have been granted upon this ground alone.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.