[No. 14373.    In Bank. — March 10, 1892.]

## SALLIE D. STEPHENSON, Respondent, *v.* THE SOUTHERN PACIFIC COMPANY, Appellant.

Master and Servant — Liability of Railroad Company — Wanton Act of Engineer — Intentional Fright of Street-car Passengers. — A railroad company is not liable for the act of an engineer, not done within the scope of his employment, or in the transaction of his master's business, in intentionally and wantonly backing his engine toward a street-car which was crossing the railroad track, with the simple intent to frighten and scare the passengers in the street-car, without colliding therewith, as the result of which a passenger upon the street-car was frightened, and believing himself in imminent danger from an anticipated collision, jumped from the street-car and was injured.

Id. — Independent Purpose of Servant. — When a servant acts without any reference to the service for which he is employed, and not for the purpose of performing the work of his employer, but to effect some independent purpose of his own, the master is not responsible for either the act or omission of the servant.

Id. — Test of Master's Responsibility. — The test of the master's responsibility for the act of his servant is, whether or not the act was done in the prosecution of the business that the servant was employed by the master

to do, or in the execution of the authority given by the master, and for the purpose of performing what the master has directed, and if so, the master will be responsible, whether the wrong done be occasioned by negligence, or by a wanton or reckless purpose to accomplish the master's business in an unlawful manner.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John D. Bicknell*, for Appellant.

The engineer of the defendant corporation, in starting the locomotive under the circumstances of the case, was acting willfully, maliciously, from design, and entirely outside of the scope of his employment, and the defendant is therefore not liable. (*Rounds* v. *Delaware etc. R. R. Co.*, 64 N. Y. 129; 21 Am. Rep. 527; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 547; *Hahn* v. *Southern Pacific R. R. Co.*, 51 Cal. 605; *De Camp* v. *R. R. Co.*, 12 Iowa, 348; *Cook* v. *R. R. Co.*, 30 Iowa, 212; *Mars* v. *Delaware etc. Canal Co.*, 54 Hun, 625. See also *Chicago R. R. Co.* v. *Bayfield*, 37 Mich. 205; *Wood* v. *R. R. Co.*, 52 Mich. 402; *Golden* v. *Newbrand*, 52 Iowa, 59; 35 Am. Rep. 257; *Great Northern R. R. Co.* v. *Harrison*, 48 Miss. 112; 12 Am. Rep. 356.)

*Wells, Monroe & Lee*, for Respondent.

Where the servants of a railroad company, while in the discharge of their duties, pervert the appliances of the company to wanton and malicious purposes, to the injury of others, the company is liable for such injuries. (*Toledo etc. R. R. Co.* v. *Harmon*, 47 Ill. 298; 95 Am. Dec. 489; *Chicago etc. R. R. Co.* v. *Dickson*, 63 Ill. 151; 14 Am. Rep. 114; *Nashville etc. R. R. Co.* v. *Starnes*, 9 Heisk. 52; 24 Am. Rep. 296; *Maund* v. *Monmouthshire Canal Co.*, 4 Man. & G. 452; *Billman* v. *Indianapolis etc. R. R. Co.*, 76 Ind. 166; 40 Am. Rep. 230; 1 Thompson on Negligence, ed. of 1880, 351, 352; vol. 2, pp. 886, 887; *Culp* v. *R. R. Co.*, 17 Kan. 475; *Terre Haute etc. R. R. Co.* v. *Jackson*, 6 Am. &

Eng. R. R. Cas. 178; *P. & R. R. Co.* v. *Derby*, 14 How. 468; *Craker* v. *Chicago etc. R. R. Co.*, 36 Wis. 657.)

De Haven, J. — The action is to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleges that the plaintiff was a passenger upon a street-car in the city of Los Angeles, the track of which crosses that of defendant at or near its depot, and that upon the occasion of the injury the street-car approached the crossing, and stopped long enough to ascertain that a locomotive-engine on the track of defendant, and within about twenty-five feet of the crossing, was not in motion, and then proceeded to cross the track; that when the street-car was about to cross the track of defendant, the engineer in charge of defendant's engine negligently and carelessly gave his engine steam, and commenced to back the said locomotive upon the track toward and upon the street-car in which plaintiff was riding, and that plaintiff, being in imminent danger of injury from the anticipated collision, jumped from the street-car, as did other passengers, and was injured.

The answer contained a sufficient denial of any negligence upon the part of defendant and of its employees, and also charged that plaintiff was guilty of contributory negligence.

The trial was by jury, and a verdict rendered in favor of plaintiff for five thousand dollars. The defendant appeals.

The evidence tended to show that the street-car was stopped before attempting to cross the track of defendant, as alleged in the complaint; that the locomotive was not then in motion, but proceeded to back down toward the crossing as the street-car was crossing the track, but did not in fact come in collision with the street-car. The locomotive-engine was upon the depot grounds for the purpose of being used in switching cars.

The court, at the request of plaintiff, gave to the jury the following, among other instructions: —

"If the jury believe from the evidence that the defendant's engineer, with intent to frighten and scare the passengers riding upon said street-car upon which plaintiff was a passenger, while the said horse-car was in close proximity on the track of said defendant, unnecessarily and wantonly let the engine take steam, and started said locomotive to move towards and upon said street-car, with the intention thereby to frighten the said passengers, of which plaintiff was one, and did thereby frighten said passengers and plaintiff, so that she, seeing said engine, and believing, and having reasonable cause to believe, that the same was about to collide with said street-car, in order to save herself from accident jumped off of said car, and thereby the plaintiff was injured, then the defendant is guilty of negligence, and the jury should find for the plaintiff."

In giving this instruction, the court committed an error. The rule is, of course, well-settled that the master is civilly liable for the wrongful or negligent act of the servant committed while in his service and within the scope of his employment, — that is, in the transaction of the master's business. And the converse of the rule is equally well settled, that when a servant acts without any reference to the service for which he is employed, and not for the purpose of performing the work of his employer, but to effect some independent purpose of his own, the master is not responsible in that case for either the act or omission of the servant. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Rounds* v. *Delaware etc. R. R. Co.*, 64 N. Y. 129; 21 Am. Rep. 527; *Aycrigg* v. *New York etc. R. R. Co.*, 30 N. J. L. 460; *Snyder* v. *Hannibal etc. R. R. Co.*, 60 Mo. 413; *Cosgrove* v. *Ogden*, 49 N. Y. 257; *Howe* v. *Newmarch*, 12 Allen, 49; *Little Miami R. R. Co.* v. *Wetmore*, 19 Ohio St. 110; 2 Am. Rep. 373.) "The test of the master's responsibility for the act of the servant," said Grover, J., in delivering the opinion of the court in *Cosgrove* v. *Ogden*, 49 N. Y. 257, "is, not whether such

act was done according to the instructions of the master
to the servant, but whether it was done in the prosecu-
tion of the business that the servant was employed by
the master to do." In *Howe* v. *Newmarch,* 12 Allen, 49,
as the final conclusion of an elaborate opinion in which
many cases bearing upon the subject are considered, the
test of the master's responsibility for the act of his ser-
vant is thus stated: "And in an action of tort in the
nature of an action on the case, the master is not re-
sponsible if the wrong done by his servant is done with-
out his authority, and not for the purpose of executing
his orders or doing his work. So that if the servant,
wholly for a purpose of his own, disregarding the object
for which he was employed, and not intending by his
act to execute it, does an injury to another, not within
the scope of his employment, the master is not liable.
But if the act be done in the execution of the authority
given him by his master, and for the purpose of per-
forming what the master has directed, the master will be
responsible, whether the wrong done be occasioned by
negligence, or by a wanton or reckless purpose to accom-
plish the master's business in an unlawful manner."

The instruction given by the court below, and now
under consideration, is in conflict with the rule of law
as above stated. The engineer was not acting within
the scope of his employment, as assumed in this instruc-
tion, if his object in moving the engine was simply to
frighten the passengers in the street-car. Such an act
done for such a purpose was entirely foreign to the ob-
jects of his employment. The work which the engineer
was to perform for defendant was to manage the engine
while it was engaged in switching cars, and if he started
the engine, not for the purpose of employing it in the
service of the defendant, but to accomplish an indepen-
dent purpose of his own, of the character stated in the
instruction, the relation of master and servant, as to that
particular act, did not exist, and the defendant would
not be liable for any damage resulting therefrom, and it
is immaterial that he used the engine of defendant in

order to accomplish his unlawful purpose. (Wharton on Negligence, sec. 168; *Little Miami R. R. Co.* v. *Wetmore,* 19 Ohio St. 110; 2 Am. Rep. 373.)

It would not be contended that one who employs another to sprinkle his garden, and places in his hands a hose to be used for that purpose, would be civilly responsible in damages if, stepping aside from that employment, the servant should, either in sport or from malice, turn the same upon a person quietly passing along the street. In the commission of such an assault the servant would not be acting within the scope of his employment, nor would the hose be used in the transaction of the business of his employer. And yet the act of the servant in the illustration just given would not be more foreign to the purpose of his employment than was that of the engineer in this case, if committed under the circumstances stated in the instruction. The rule of law which makes the master liable to respond in damages for the act or omission of the servant " implies that the master will not in any case be liable for wrongs committed by the servant while not acting within the scope of his authority. This rule is so reasonable that the grounds on which it rests need scarcely be suggested. In all the affairs of life, men are constantly obliged to act by others; but no one could venture to so act if the mere circumstance that he employed another to act for him about any general or particular business made him an insurer against all wrongs which such persons might possibly commit during the period of such employment. . . . . In other words, if the servant steps aside from his master's business, for how short a time soever, to commit a wrong not connected with such business, the relation of master and servant will be for the time suspended." (2 Thompson on Negligence, 885, 886.)

The evidence in this case tending to show the facts referred to in the instruction under consideration is very slight, and that part of it consisting of the opinion of one of the witnesses that the intention of the engineer was only to frighten the passengers on the street-car

is not competent for the purpose of proving such fact. The case was, however, tried upon the theory that there was sufficient evidence upon which to base the instruction, and we are not able to say that there was such an entire want of evidence upon that point that the instruction was without prejudice to the defendant.

Judgment and order reversed.

SHARPSTEIN, J., PATERSON, J., HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.