[No. 9261. Department Two. June 22, 1911.]

FREDERICK G. LINCK, *Respondent*, v. GEORGE MATHESON
*et al., Appellants.*[1]

APPEAL — REVIEW — MOTION FOR NONSUIT — WAIVER. Defendants may urge their motion for nonsuit in the appellate court, although they proceeded with the trial, where it was erroneously overruled and the defect was not cured by the proofs subsequently submitted.

MASTER AND SERVANT — INJURY TO THIRD PERSONS — TORTS OF SERVANT—SCOPE OF EMPLOYMENT. An employee in a billiard room is not acting within the scope of his employment, and his masters are not liable for his acts, where he made an assault upon a customer for personal reasons and ill will, the customer having been given permission to play by the proprietors, and no duty devolving upon the employee as such to which the assault in any manner related.

[1]Reported in 116 Pac. 282.

Appeal from a judgment of the superior court for King county, Gay, J., entered August 2, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for injuries inflicted by defendants' servants. Reversed.

*Howard Waterman* (*Walter S. Fulton*, of counsel), for appellants.

*Welch & Crotty* (*A. G. McBride*, of counsel), for respondent.

CROW, J.—Action by Frederick G. Linck against George Matheson and Thomas Deady, to recover damages for personal injuries inflicted by defendants' servants. From a judgment in plaintiff's favor, the defendants have appealed.

Appellants, as partners, own and conduct a saloon and pool room in the city of Seattle, known as the Victor Bar. Respondent alleged that, on March 13, 1909, while he was playing a game of pool in appellants' place of business, one James Deady, their employee, struck him to the floor with a billiard cue and kicked him while he was in an unconscious condition. Appellants denied these allegations, and introduced evidence tending to show respondent was not struck or injured in their place. Numerous assignments of error are presented, some of which would be sufficient to require a reversal and new trial. We will, however, consider only appellants' contention that the trial court erred in denying their motion for a nonsuit. We find that, at the time the motion was interposed and denied, the proofs were not sufficient to sustain a verdict in respondent's favor; that the defects in his case were not cured by evidence subsequently admitted; and that appellants are now entitled to, and do on this appeal, urge their motion for a nonsuit, which on the record has not been waived. *Dimuria v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471. Respondent's evidence was that, immediately after he came into

the pool room, he commenced playing a game with one Clementson; whereupon James Deady, appellants' employee, without provocation or previous altercation, struck him with a billiard cue. He testified as follows:

"Q. Now, you just started to play when Jim Deady came over and struck you? A. I told you I was knocked down by Jim Deady, yes. Q. He just came right over and struck you? A. Yes, struck me. Q. As you were playing? A. As I started to play. Q. Now, did he say anything before he struck you? A. He did not. Q. Had you said anything to him? A. Not then, no, sir. Q. You had simply gone in there and walked up to a pool table and started in to play with Clementson, and as you started to play, James Deady came immediately over and struck you with the pool stick? A. He did. Q. Knocked you down? A. He did."

He further testified that, on Saturday, just one week before, he was playing pool in appellants' place, when some question arose between him and James Deady relative to payment for a game; that James Deady then said he could play no more; that he started a new game, whereupon James Deady made a rush at him with a billiard cue; that respondent picked up a billiard ball to hit James Deady, who thereupon desisted; that George Matheson, one of the appellants, stepped in, asked about the trouble, told respondent he could continue playing, but must pay for his games, and that he then played another game. After stating this incident, respondent further said:

"That is the reason this Jim Deady had it in for me the time I went in there the next Saturday evening. I guess that is the reason he hit me with the billiard cue."

It will thus be seen that respondent himself testified to these facts within his knowledge, as the basis of his alleged cause of action against the appellants, whom he seeks to hold for the tortious acts of their employee. His statements show he was assaulted by James Deady maliciously, for personal reasons and ill will, and that the latter, although ap-

pellants' servant, was acting without the scope of his authority. There was at the time no dispute as to the conduct of, or payment for, any game. Appellant Matheson had given respondent permission to play pool at appellants' tables. No dispute, difference, or exchange of words occurred at the time of the assault or immediately prior thereto. There was no duty devolving upon James Deady, as appellants' employee, to which the assault in any manner related. In *Everingham v. Chicago etc. R. Co.* (Iowa), 127 N. W. 1009, the supreme court of Iowa said:

"It is fundamental that a master is not liable for all assaults made by his servant. It is only for such as are done in the prosecution of the master's business that the master is liable. If the servant steps aside from his master's business and, in order to effect some purpose of his own, commits an assault, the master is not liable."

It appears that James Deady stepped aside from the prosecution of appellants' business and committed the assault for the wrongful purpose of gratifying his own hatred and ill will. He would be liable, but the appellants as his employers are not. In *Chase v. Knabel*, 46 Wash. 484, 90 Pac. 642, 12 L. R. A. (N. S.) 1155, the plaintiff sought damages from the proprietor of a restaurant for injuries inflicted by his waiters. An issue arose as to whether the waiters were ejecting plaintiff from the restaurant for insulting a lady customer, or were actuated by their own motives of ill will. Commenting on the defendant's liability, we said:

"The question for the jury to decide, under the first cause of action alleged, was as to whether this assault upon plaintiff was made by these waiters within the scope of their duty as such, or whether it was by reason of a personal difficulty, ill will, or ill feelings existing between the plaintiff and the waiter or waiters themselves, independent of their functions as servants of appellant. It is doubtless the duty of a restaurant keeper to accord protection to lady patrons from insult or annoyances while they are in his restaurant. If such a lady customer is insulted or annoyed, it is doubtless

the duty of the proprietor or his waiters or servants to put a stop to such annoyance and, if necessary, to eject the person guilty of the offense; and in so doing they may use all necessary force, being liable, however, in damages for injuries occasioned by the use of unnecessary force and violence.    On the other hand, if the assault and battery made upon plaintiff was occasioned by reason of ill will, jealousy, hatred, or other ill feeling on the part of the waiter or waiters, independent of their duty as agents of the proprietor toward the lady in question, then the proprietor would not be holden in damages."

In this case it unquestionably appears from respondent's statement that, without any immediate provocation or previous words, James Deady made the assault because he "had it in for him."    In other words, the attack was induced by ill will, hatred, or other ill feeling entertained by James Deady towards respondent, irrespective of his duties as an employee of appellants.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.