[S. F. No. 8798. In Bank.—June 11, 1920.]

# EDWARD JOHNSON, Respondent, v. OSCAR MONSON et al., Appellants.

[1] PRINCIPAL AND AGENT—TORTS OF AGENT—LIABILITY OF PRINCIPAL. A principal is liable for the tort of an agent if committed by him within the scope of his employment.

[2] ID.—ASSAULT BY SALOON BARTENDER—MAINTENANCE OF ORDER— LIABILITY OF OWNER.—An owner of a saloon is liable for an assault committed by his bartender in the course of his keeping order in the saloon, although the owner had no present knowledge of the assault and did not authorize it, where one of the duties of the bartender was to maintain order.

[3] ID.—MALICIOUS OR WILLFUL CHARACTER OF TORT—WHEN IMMA- TERIAL TO LIABILITY OF PRINCIPAL.—While under some circum- stances the malicious or willful character of the agent's act is material in determining whether or not the act was committed in the course of his employment, if it appear that the tort was in fact committed by the agent in the course of his employment, the employer is not relieved of his necessary responsibility by its malicious or willful character.

[4] ID.—RESPONSIBILITY FOR WRONGFUL ACTS OF AGENT—CONSTRUC- TION OF SECTION 2338, CIVIL CODE.—The responsibility of a prin- cipal to third persons for the wrongful acts of his agent is not limited by reason of the somewhat ambiguous wording of section 2338 of the Civil Code, to wrongful acts of negligence, since the word "including" is used in a conjunctive sense, as the equivalent of such expressions as "and also," or "as well as," and therefore the section extends the responsibility to all wrongful acts within the scope of the agency.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

2. Liability of innkeeper or restaurant-keeper for assault by his servant upon a patron, notes, 8 Ann. Cas. 688; Ann. Cas. 1918E, 255; 12 L. R. A. (N. S.) 1155; L. R. A. 1918E, 708.

3. Whether assault growing out of quarrel commenced while employee is acting within scope of his employment, be regarded as a personal act of the employee for which the employer is not liable, note, 9 L. R. A. (N. S.) 475.

Leon Samuels and Joseph L. Taaffe for Appellants.

E. B. Mering and M. J. Gillespie for Respondent.

OLNEY, J.—This is an appeal by the defendant Monson from a judgment against him and the other defendant Longren jointly for one thousand five hundred dollars, as damages suffered by the plaintiff because of a personal assault upon him by the defendant Longren. The facts, as they appear from the findings, are that Monson was the owner of a saloon in San Francisco, and employed Longren as bartender. The latter's duties were to manage the saloon, dispense liquors, and maintain order. The evening of March 17, 1917, the plaintiff was in the saloon, somewhat intoxicated, noisy, and engaging in verbal controversies with other patrons, but not quarrelsome or threatening physical violence. The bartender, Longren, told him to stop his noise, and, upon his failing to do so, assaulted him, inflicting personal injuries to the plaintiff's actual damage in the amount of one thousand five hundred dollars. No punitive damages were allowed. The trial court also found that the defendant Monson, the owner of the saloon, did not know of the assault until some days later, and did not authorize it, but did ratify it by retaining the bartender in his employ.

The findings are not attacked with the exception of the finding as to ratification. This is attacked, and practically the entire discussion on appeal is concerned with the matter of Monson's ratification of the act of his bartender. But the discussion is beside the mark. It is immaterial whether there was any ratification by Monson or not. The other facts found, whose support by the evidence is not questioned, are sufficient to sustain the judgment. This is true, although it is found that Monson did not authorize the assault or know anything about it at the time. It would, in fact, make no difference if the assault had been in violation of express orders to the bartender not to use physical violence on customers. The question is not one of authority as between the principal and the agent. As between them, it may well be that the agent's tort against a third person is without authority or is directly contrary to express orders. **[1]**

But the principal is nevertheless liable for the tort of the agent, provided it be committed by him within the scope of his employment. **[2]** That the assault in this case was committed within the scope of the bartender's employment is plain. To be sure there is nothing to show that he was authorized or employed to commit assaults, but it is found that he was authorized to maintain order in the saloon, and the assault was committed in the course of his keeping order.

The illustrations of this principle are exceedingly numerous and familiar. For example, if some firm employing delivery trucks should expressly instruct its truck drivers not to exceed the legal speed limits under any circumstances, but one of them, in the course of his employment, did exceed the speed limit, and as a result of so doing injured some third person, the employer is responsible. The principle is stated thus in *Otis Elevator Co.* v. *First Nat. Bank,* 163 Cal. 31, 39, [41 L. R. A. (N. S.) 529, 124 Pac. 704] :

"It is the general doctrine of the law, as it is our statutory rule, that a principal is liable to third parties not only for the negligence of its agent in the transaction of the business of the agency, but likewise for the frauds, torts or other wrongful acts committed by such agent in and as part of the transaction of such business. (Story on Agency, sec. 452; Shearman & Redfield on Negligence, sec. 65; Civ. Code, sec. 2338.)"

**[3]** The situation is not changed by the fact that the court finds the assault to have been malicious and willful. Under some circumstances the malicious or willful character of the agent's act is material in determining whether or not the act was committed in the course of his employment. If, for example, in the present case, the question had been presented as to whether the assault on the plaintiff had been committed in the course of keeping order in the saloon, or as part of an altercation purely personal to the bartender and the plaintiff for which the principal would be in no wise responsible, the willful and malicious character of the assault would have some weight as showing that it was purely personal to the participants. But if it appear that the tort was in fact committed by the agent in the course

of his employment, the employer is not relieved of his necessary responsibility by its malicious or willful character. In the present case it appears plainly that the assault was committed by the bartender as a means to compel the plaintiff to cease the noise he was making in the saloon, that is, as a means of performing the bartender's duty of keeping order.

The only difficulty in the case arises from the somewhat ambiguous wording of section 2338 of the Civil Code, which reads:

"Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal."

This is followed by section 2339, which reads:

"A principal is responsible for no other wrongs committed by his agent than those mentioned in the last section, unless he has authorized or ratified them, even though they are committed while the agent is engaged in his service."

[4] A casual reading of section 2338 might give the impression that the words "including wrongful acts" refer back to the word "negligence," so that the only wrongful acts of an agent for which the principal is declared to be responsible are wrongful acts of negligence. The present assault was, of course, not such an act. But this construction would take away all meaning from the words "wrongful acts" since all wrongful acts of negligence are fully covered by the previous expression "negligence." Furthermore, such a construction would mean that by the code section it was intended, for no apparent reason, to change a universal and elementary rule of the law of principal and agent, and one essentially just. Every presumption must be against such a construction. It does no violence to the language of the section to hold that the word "including" is used in a conjunctive sense, as the equivalent of such expressions as "and also," or "as well as." So construed, effect is given to all the language of the section, and it is made to conform to what should be the law and is, so far as we are

aware, universally the law elsewhere. As so construed, the present case comes directly within it.

Judgment affirmed.

Shaw, J., Wilbur, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.