[Civ. No. 1371.   Fourth Appellate District.—April 22, 1935.]

CHARLES E. YATES, Appellant, v. TAFT LODGE No. 1527, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA (an Unincorporated Association) et al., Respondents.

Hubert Starr and Edward West for Appellant.

J. R. Dorsey and Claflin & Dorsey for Respondents.

BARNARD, P. J.—A demurrer to an amended complaint filed by the defendant Dear was overruled but a demurrer filed by the other defendants was sustained without leave to amend, and the plaintiff has appealed from a judgment then entered in favor of such other defendants.

The complaint alleged that the defendant lodge rented from the plaintiff certain picnic grounds known as Fort Tejon for the purpose of giving a benefit picnic and barbecue on a certain day, to which admission was charged; that in said contract of rental the plaintiff reserved to himself concessions for the sale of refreshments; that a concession for dancing was transferred to a benevolent association subsidiary to the defendant lodge, called "The Antlers", and it was agreed that the said Antlers should furnish and bring into the grounds musicians for the dance; that on the date in question the defendant lodge designated and employed the defendant Dear as gatekeeper and instructed and empowered him to take charge of the entrance to the grounds and to collect the charges for admission from the general public; that Dear entered upon these duties as such gatekeeper and while so engaged certain musicians employed by the Antlers to furnish music for the dance appeared at the gate and requested admittance; that Dear refused admittance to them; that demand was made upon the plaintiff by the said Antlers that said musicians be admitted in conformance with the contract; that thereupon the plaintiff accosted Dear at the entrance gate and demanded from him admittance for the musicians; and that said Dear "refused and continued to refuse such admittance wrongfully and contrary to the terms of agreement hereinabove set out, and that the plaintiff remonstrated with him and continued to demand the admittance into said grounds of the said musicians, and that thereupon the said defendant, R. C. Dear, the agent, servant and gatekeeper of the said defendant, Taft Lodge No. 1527, Benevolent and Protective Order of Elks of the United States of America, an unincorporated association, and in the due course of his said employment, violently, maliciously and willfully assaulted and beat the plaintiff about his face and body".

■ It is well settled that a master is liable for an assault committed by his servant where the act is done within the scope of the servant's employment and that he is not liable where the wrongful act is one which the servant was not authorized or empowered to do under the nature of his employment, but where the servant has, for some purpose of his own, departed from his master's business. (*Stephenson* v. *Southern Pacific Co.*, 93 Cal. 558 [29 Pac. 234, 27 Am. St. Rep. 223, 15 L. R. A. 475]; *Rahmel* v. *Lehndorff*,

142 Cal. 681 [76 Pac. 659, 100 Am. St. Rep. 154, 65 L. R. A. 88]; *Johnson* v. *Monson,* 183 Cal. 149 [190 Pac. 635]; *Ruppe* v. *City of Los Angeles,* 186 Cal. 400 [199 Pac. 496].) While the general rules are well settled, difficulty often arises in applying them to the facts of a particular case.

The only allegation in this complaint with respect to the duty of the defendant Dear is that he was directed, instructed and empowered by the defendant lodge "to take and to keep charge of the gate and entrance into said picnic grounds, and to collect the charges of admission from the general public requesting admission into said picnic and entertainment grounds". The appellant argues that it must be implied from this allegation that the defendant Dear was authorized and empowered by the defendant lodge to use such force as was reasonably necessary to prevent persons from entering the picnic grounds without payment of the requisite charge of admission. Assuming that he had such implied authority and that he was thus empowered, the force which was here used by Dear was not used to prevent anyone from entering the grounds. So far as appears from the complaint, no force was necessary or was used to keep out the musicians who applied for admission. Instead of being used for any such purpose the force here employed was directed against the landlord who was already in the grounds, and this not in connection with his entrance or presence but because of an argument which arose over a matter of a concession under the contract, with which matter the employee was neither authorized to use force, reasonable or otherwise, nor to act at all.

The appellant had nothing to do with the dancing concession or with the musicians except that he claimed they were entitled to admission under the contract. He was acting in his capacity as landlord and was insisting upon a certain interpretation of the leasing agreement. On the other hand, Dear's only duty was in connection with collecting admissions from such of the general public as requested admission, and he had nothing to do with any concession or with any interpretation of the contract. If it be assumed that he was authorized and empowered to use any reasonable force necessary to keep out anyone attempting to crash the gate, it cannot be assumed that he was authorized to use any force in connection with the interpretation of the contract or in connection with the way in which

any concession should be handled. The only force that can be assumed to have been authorized is force used in the performance of his duty and not otherwise.

The force here used was not used in the performance of his duty, in keeping someone out who insisted upon coming in, but was used in a controversy with the landlord over the manner in which he was performing his duty. The plaintiff was an outsider in so far as regulating the duty of this employee is concerned. Dear had no implied authority to fight with an outsider or to resort to force in an altercation over the nature of his duty to his employer or the manner in which he was performing the same. While it may have been more or less natural that he should resent this interference on the part of an outsider it was no part of his duty to his employer, express or implied, to punish such interference. In engaging in this controversy with the landlord over the interpretation of this contract, with which he was not concerned, we think he stepped aside from his duty and entered into a personal controversy, allowing his own resentment to lead him into an act which was outside the scope of his employment and beyond any express or implied authority conferred upon him by his employer.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.