[L. A. No. 19717.   In Bank.   July 30, 1946.]

HUBERT L. CARR, Appellant, v. WM. C. CROWELL
   COMPANY et al., Defendants; R. A. CROWELL, Re-
   spondent.

Lasher B. Gallagher for Appellant.

Kenneth J. Murphy for Respondent.

TRAYNOR, J.—Defendant Crowell is a general building contractor. About 10 a. m. on February 2, 1944, Herman W. Enloe, one of defendant's employees, marked and tacked a 20-foot 2 x 4 plate temporarily in place on the second floor of a building under construction. This work ordinarily followed the laying of the hardwood floors and their oiling for protection from the weather. The floor on the second story of the building had not yet been oiled. Plaintiff, an employee of a subcontractor, was laying flooring between two stairways leading to the second floor. He observed Enloe's activities and remarked, "Take it easy, they (the hardwood floor men) are not through yet." Enloe replied, "I am taking it easy." Plaintiff then dislodged the plate and threw it onto the roof of a porch at a lower part of the building. Enloe remarked, "You think you have done something smart." Plaintiff then returned to his floorlaying. Enloe engaged in other work for about 15 minutes, then retrieved the plate and again began to tack it in place. Plaintiff walked towards the plate and kicked it off the floor. Immediately thereafter, while he was standing about 15 feet from Enloe, the latter threw his carpenter's hammer at plaintiff, striking him on the head and seriously injuring him. Enloe left the building and went to defendant's office on the premises, where he remained for two hours. He did no more work on the building, and quit his employment with defendant on the following day. He resumed his employment with defendant in April 1944.

Plaintiff brought action against Enloe and defendant Crowell for damages. There is no dispute as to the facts; Enloe's

testimony was substantially the same as plaintiff's. At the close of the testimony the trial court directed a verdict for defendant Crowell. The jury returned a verdict in plaintiff's favor against Enloe and judgment was entered accordingly. This appeal is solely from the judgment on the directed verdict.

It is settled that an employer is liable for wilful and malicious torts of his employee committed in the scope of the employment. (*Deevy* v. *Tassi,* 21 Cal.2d 109, 125 [130 P.2d 389]; *Ruppe* v. *City of Los Angeles,* 186 Cal. 400, 402 [199 P. 496]; *Johnson* v. *Monson,* 183 Cal. 149, 151 [190 P. 635]; *Stansell* v. *Safeway Stores,* 44 Cal.App.2d 822, 826 [113 P. 2d 264]; *Transcontinental & W. Air, Inc.* v. *Bank of America,* 46 Cal.App.2d 708, 713 [116 P.2d 791]; *Martin* v. *Leatham,* 22 Cal.App.2d 442, 444 [71 P.2d 336]; *Hiroshima* v. *Pacific G. & E. Co.,* 18 Cal.App.2d 24, 28 [63 P.2d 340]; *Muehlebach* v. *Paso Robles Springs Hotel,* 65 Cal.App. 634 [225 P. 19]; *Korkman* v. *Hanlon Drydock etc. Co.,* 53 Cal.App. 147 [199 P. 880]; see 35 Am.Jur. 995, 1007, n. 5; Prosser on Torts, 479; 17 Cal.L.Rev. 185; 12 So.Cal.L.Rev. 196; 45 Harv.L.Rev. 342.) Language in *Wiersma* v. *City of Long Beach,* 41 Cal. App.2d 8, 13 [106 P.2d 45], that an employer is not responsible for such torts is contrary to the established rule in this state and is disapproved.

Defendant contends that Enloe was not acting in the scope of his employment when he injured plaintiff, on the grounds that the throwing of the hammer did not further defendant's interests as an employer and that Enloe could not have intended by his conduct to further such interests. It is sufficient, however, if the injury resulted from a dispute arising out of the employment. Under the provisions of section 2338 of the Civil Code a principal is liable for "wrongful acts" of his agent committed "in and as a part of" the principal's business. "It is not necessary that the assault should have been made 'as a means, or for the purpose of performing the work he (the employee) was employed to do.'" (*Hiroshima* v. *Pacific G. & E. Co.,* 18 Cal.App.2d 24, 28 [63 P.2d 340]; *Stansell* v. *Safeway Stores,* 44 Cal.App. 2d 822, 824 [113 P.2d 264]; see *Johnson* v. *Monson,* 183 Cal. 149, 152 [190 P. 635]; *Gulf, C. & S. F. Ry. Co.* v. *Cobb* (Tex. Civ.App.), 45 S.W.2d 323; *New Ellerslie Fish Club* v. *Stewart,* 123 Ky. 8, 13 [93 S.W. 598, 9 L.R.A.N.S. 475]; *Richberger* v. *American Exp. Co.,* 73 Miss. 161, 169 [18 So. 922,

55 Am.St.Rep. 522, 31 L.R.A. 390]; *Davis* v. *Merrill,* 133 Va. 69, 77 [112 S.E. 628]; see 35 Am.Jur. 995; 2 Mechem, Agency (2d ed.) §§ 1929, 1960-1961; 45 Harv.L.Rev. 342, 344, n. 5; 44 Harv.L.Rev. 642.) In *Stansell* v. *Safeway Stores, supra,* 44 Cal.App.2d 822, one of defendant's grocery store managers was held to be acting in the scope of his employment when he quarreled with a customer over an order, and after an exchange of opprobrious names, ran after and injured her. In *Hiroshima* v. *Pacific G. & E. Co., supra,* 18 Cal.App.2d 24, it was held that the defendant's employee, whose duties were to collect power bills, was acting in the scope of his employment when he struck a customer in the course of a dispute as to whether the customer had received a notice that his electric service would be discontinued if he did not pay his bill.

The employer's responsibility for the tortious conduct of his employee "extends far beyond his actual or possible control over the conduct of the servant. It rests on the broader ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others" while acting in the scope of their employment. (*Chase* v. *New Haven Waste Material Corp.,* 111 Conn. 377, 379-380 [150 A. 107, 68 A.L.R. 1497]; *Wolf* v. *Sulik,* 93 Conn. 431, 436 [106 A. 443, 4 A.L.R. 356]; see 35 Am.Jur. 974.) Such injuries are one of the risks of the enterprise. (See *Hiroshima* v. *Pacific G. & E. Co., supra,* 18 Cal.App.2d 24, 28; *Stansell* v. *Safeway Stores, supra,* 44 Cal.App.2d 822, 824; *Johnson* v. *Monson, supra,* 183 Cal. 149, 151; *Martin* v. *Leatham, supra,* 22 Cal.App.2d 442, 445; *Yates* v. *Taft Lodge,* 6 Cal.App.2d 389, 390 [44 P.2d 409]; *Rounds* v. *Delaware, etc. R. R. Co.,* 64 N.Y. 129, 134 [21 Am.Rep. 597]; *Doyle* v. *Scott's Cleaning Co.,* 224 Mo.App. 1168 [31 S.W.2d 242, 245]; *Chase* v. *New Haven Waste Material Corp., supra,* 111 Conn. 377, 379-381; *Higgins* v. *Watervliet Turnp. & R. Co.,* 46 N.Y. 23, 26 [7 Am.Rep. 293]; *Schubert* v. *Schubert Wagon Co.,* 249 N.Y. 253, 256 [164 N.E. 42, 64 A.L.R. 293]; *Stone* v. *William M. Eisen Co.,* 219 N.Y. 205 [114 N.E. 44, L.R.A. 1918B 291]; see Seavey, Speculations as to "Respondeat Superior," Harv. Legal Essays, 433, 439, 445, 450; Wigmore, *Responsibility for Tortious Acts,* 7 Harv.L.Rev. 383, 392-399; Pound, *The Economic Interpreta-*

*tion of Torts*, 53 Harv.L.Rev. 365, 376-7; 45 Harv.L.Rev. 342, 344, n. 5; 35 Am.Jur. 974, 1007, n. 5; 2 Mechem, Agency (2d ed.) 1523; 114 A.L.R. 1033; 55 A.L.R. 1197.) ██ In the present case, defendant's enterprise required an association of employees with third parties, attended by the risk that someone might be injured. "The risk of such associations and conditions were risks of the employment." (Cardozo, J., in *Leonbruno* v. *Champlain Silk Mills*, 229 N.Y. 470, 472 [128 N.E. 711, 13 A.L.R. 522].) Such associations "include the faults and derelictions of human beings as well as their virtues and obediences. Men do not discard their personal qualities when they go to work. Into the job they carry their intelligence, skill, habits of care and rectitude. Just as inevitably they take along also their tendencies to carelessness and camaraderie, as well as emotional makeup. In bringing men together, work brings these qualities together, causes frictions between them, creates occasions for lapses into carelessness, and for fun-making and emotional flareup. Work could not go on if men became automatons repressed in every natural expression. . . . These expressions of human nature are incidents inseparable from working together. They involve risks of injury and these risks are inherent in the working environment." (*Hartford Acc. & Ind. Co.* v. *Cardillo*, 112 F.2d 11, 15; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286, 291 [158 P.2d 9, 159 A.L.R. 313]; *Leonbruno* v. *Champlain Silk Mills, supra*, 229 N.Y. 470; see 35 Am.Jur. 1007, n. 5; Prosser on Torts, 529, at n. 60.) *Stephenson* v. *Southern Pacific Co.*, 93 Cal. 558, 562 [29 P. 234, 27 Am.St.Rep. 223, 15 L.R.A. 475], which was decided in 1892, is contrary to the course of decisions since that time and is therefore overruled.

Defendant stresses the fact that Enloe did no further work on the premises after the incident. This fact is not significant, for Enloe threw the hammer while still engaged in his employment and as an immediate outgrowth thereof.

██ If an employee inflicts an injury out of personal malice, not engendered by the employment, the employer is not liable. (*Yates* v. *Taft Lodge*, 6 Cal.App.2d 389, 390 [44 P.2d 409]; *Miller* v. *Citizens Nat. T. & S. Bank*, 1 Cal.App.2d 470, 477 [36 P.2d 1088]; *Figone* v. *Guisti*, 43 Cal.App. 606, 611 [185 P. 694]; *Linck* v. *Matheson*, 63 Wash. 593, 596 [116 P. 282]; *Keller* v. *Gunn Supply Co.*, 62 Utah 501, 505 [220 P. 1063], see 2 Mechem, Agency, *supra*, 1523; Prosser

on Torts, 480; 114 A.L.R. 1034; 40 A.L.R. 1212.) The evidence here presented indicates without conflict that the injury to plaintiff was an outgrowth of Enloe's employment. Not only did the altercation leading to the injury arise solely over the performance of Enloe's duties, but his entire association with plaintiff arose out of his employment on the building under construction. He had never seen plaintiff before the day preceding the accident, and had never conversed with him before the dispute over the plate. He testified in addition that he was not angry with plaintiff before the dispute; that he had no personal grudge against him; and that he threw the hammer immediately, without ''winding up,'' on seeing the plate ''go past (his) face.''

The judgment in favor of defendant Crowell is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.