236 P.2d 412]

[Civ. No. 7965.   Third Dist.   Oct. 22, 1951.]

ROBERT A. PRITCHARD, Respondent, v. O. E. GILBERT et al., Defendants; GEORGE S. SAMUELS, Appellant.

Johnson & Davies for Appellant.

Goldstein, Barceloux & Goldstein for Respondent.

VAN DYKE, J.—Plaintiff and respondent brought this action to recover damages for assault and battery alleged by him to have been committed by defendant Gilbert, who at the time was an employee of defendant and appellant Samuels. The cause was heard by the court and judgment was rendered in plaintiff's favor against both Gilbert and Samuels. Gilbert has not appealed.

The sole issue presented is whether Gilbert was acting within the scope of his employment at the time of the assault and battery committed by him upon respondent.

Upon the day of the assault, Gilbert, who was a salesman for appellant Samuels in the latter's business, came to Sacramento from his home in Red Bluff to attend a sales meeting. He drove to Sacramento in an automobile owned by appellant and furnished to Gilbert for use in his employment. On the same day respondent, also a salesman, attended a sales meeting in Red Bluff, to which he journeyed from his home in Chico. Each man at the time of the assault was returning to his home. They met and passed each other a few miles north of Chico. Although respondent testified he did not remember passing Gilbert, yet Gilbert testified that respondent so operated his car as to compel Gilbert to drive off the road pavement to avoid a collision. Gilbert turned around and pursued respondent, blowing his horn and blinking his headlights. Hearing the horn and observing the blinking lights, respondent stopped and Gilbert stopped his car back of that of respondent. What occurred then, as testified to by respondent was as follows: Gilbert came up to respondent, "hollered" at him and struck him through the open window of the car. Respondent started to get out and when he opened the car door Gilbert seized him, pulled him from the car and proceeded to beat him about the sides of the face. Respondent was knocked down and was then kicked in the face and ribs. His jaw was broken and he was battered and bruised until rendered unconscious. While this was going on he was calling for help to some people living just across the road whom he knew. These people came over and respondent asked them to call the officers who later came and took him to Chico. The foregoing version is in sharp conflict with the testimony of Gilbert, who stated in substance that upon being forced from the highway to avoid a collision and believing that whoever was driving the car was in no fit condition to drive and was a menace to the users of the highway, he turned in pursuit for the purpose of stopping the driver and calling officers to take him in

charge. He testified that he found respondent to be highly intoxicated, that he endeavored to persuade him to stop driving, whereupon respondent cursed him, knocked him down and continued hitting him after he got up. He said he then proceeded to defend himself by striking back. He asserted his only purpose was to detain respondent until officers could be called.

It is the contention of appellant that his employee, Gilbert, while admittedly in the course of his employment in returning from the sales meeting to his home in Red Bluff, left that employment when he turned and pursued respondent for the reason and with the purpose as testified to by Gilbert and that his turning in pursuit and the following assault and battery were without the scope of his employment. These contentions were interposed as a defense by specially pleading them in the answer of appellant, and responsive to these allegations the court found that the acts of defendant Gilbert were not in any way caused, induced or excused by any act of respondent and specifically that it was ''not true that the plaintiff at or prior to the assault upon him by the defendant O. E. Gilbert, or at any time, made a violent or unlawful assault upon the person of the defendant O. E. Gilbert,'' and that it was ''not true that the said acts of the defendant O. E. Gilbert were done and performed in whole or in part in pursuance of any plan, scheme or intent on the part of the defendant O. E. Gilbert to effect an arrest of the plaintiff for any public offense.'' The court found that the assault occurred in the immediate course of an altercation between respondent and Gilbert which arose directly and proximately out of and was connected with the employment of Gilbert and in the course and scope thereof; that the assault was unprovoked and without cause and committed by a man of great strength against a man who was weak and unable to defend himself.

It is clear that the court rejected in the main the testimony of Gilbert and believed that of respondent. Under the familiar rule we are bound to accept the trial court's conclusions in this regard. We have, therefore, a situation where Gilbert, while driving his car on his master's business, believing his rights on the highway to have been violated, turns his car, pursues respondent, and, having caused him to stop, gives him a severe beating. The case is governed by the rules laid down by the Supreme Court in *Carr* v. *Wm. C. Crowell Co.*, 28 Cal.2d 652 [171 P.2d 5]. The following holdings were there made: ''It is settled that an employer is liable for wilful

and malicious torts of his employee committed in the scope of the employment. [Citing numerous authorities.]'' The fact, if it be a fact, that the tortious acts of the employee do not further his employer's interest and that the employee did not thereby intend to further such interest does not absolve the employer from liability ''if the injury result from a dispute arising out of the employment.'' ''Under the provisions of section 2338 of the Civil Code a principal is liable for 'wrongful acts' of his agent committed 'in and as a part of' the principal's business. 'It is not necessary that the assault should have been made ''as a means, or for the purpose of performing the work he (the employee) was employed to do.'' ' [Citing numerous authorities.]'' The court continued:

''The employer's responsibility for the tortious conduct of his employee 'extends far beyond his actual or possible control over the conduct of the servant. It rests on the broader ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others' while acting in the scope of their employment. . . . Such injuries are one of the risks of the enterprise. . . . In the present case, defendant's enterprise required an association of employees with third parties, attended by the risk that someone might be injured. 'The risk of such associations and conditions were risks of the employment.' . . . Such associations 'include the faults and derelictions of human beings as well as their virtues and obediences. Men do not discard their personal qualities when they go to work. Into the job they carry their intelligence, skill, habits of care and rectitude. Just as inevitably they take along also their tendencies to carelessness and camaraderie, as well as emotional makeup. In bringing men together, work brings these qualities together, causes frictions between them, creates occasions for lapses into carelessness, and for fun-making and emotional flareup. Work could not go on if men became automatons repressed in every natural expression. . . . These expressions of human nature are incidents inseparable from working together. They involve risks of injury and these risks are inherent in the working environment.' . . . The evidence here presented indicates without conflict that the injury to plaintiff was an outgrowth of Enloe's employment.''

The foregoing was said in a case where the employee, engaged in laying a floor, objected to the act of the employee of another contractor in placing a timber in the structure

prematurely. The employee dislodged the timber. After an interval the other replaced it, whereupon the employee threw his carpenter's hammer, striking the other and injuring him. We see no essential difference between the case before us and the Carr case.

The trial court was justified in concluding that Gilbert, angered by what he deemed to be the unlawful driving of respondent, lost his temper and proceeded by a series of connected and uninterrupted acts to administer dire punishment. This conduct on his part was so intimately connected with his service to his employer and so clearly resulted from a dispute arising out of his employment that his acts in turning, pursuing respondent and assaulting him must be held to have been within the scope of his employment.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1951. Shenk, J., and Edmonds, J., voted for a hearing.