**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORRAINE FERGUSON,

        Plaintiff - Appellant,

  v.

HORIZON LINES, LLC,

        Defendant - Appellee,

  And

ANDREI A. TRETYAK,

        Defendant.

No. 12-17748

D.C.  No. 3:11-cv-03391-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before:    TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Lorraine Ferguson appeals the district court's grant of summary judgment in favor of defendant Horizon Lines, Inc. ("Horizon"). Ferguson alleges that she was assaulted and sexually harassed by Andrei Tretyak, a seaman employed by Horizon. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's grant of summary judgment *de novo*, and may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1044 (9th Cir. 2014).

1.      California law, rather than general maritime law, governs this case. A case is governed by maritime law if it falls within our maritime jurisdiction. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 204 (1971). In tort cases such as this, we use a two-part test to determine whether maritime law applies. "First, the tort must occur on or over navigable waters," *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005), or be "caused by a vessel on navigable waters," *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007) (quoting

2

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995)). "Second, the actions giving rise to the tort claim must 'bear a significant relationship to traditional maritime activity.'" *Taghadomi*, 401 F.3d at 1084 (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972)).

We have held that a tort's location is determined by where the injury occurs. *Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985). Here, Ferguson claims that Tretyak assaulted her at an entry gate facility at the Port of Oakland. Thus, the assault took place entirely on land and is not within our maritime jurisdiction. *See Victory Carriers, Inc.*, 404 U.S. at 206-07 ("Piers and docks [are] consistently deemed extensions of land; injuries inflicted to or on them [are] held not compensable under the maritime law."). Instead, because all the events giving rise to Ferguson's claim took place on land, the first prong of our test is not met. This case therefore falls within the district court's diversity jurisdiction, and California law governs. *See* 28 U.S.C. § 1652; *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003).

**2.**     The district court correctly granted summary judgment for Horizon on Ferguson's intentional tort claims. Because those claims rest on a theory of vicarious liability through respondeat superior, Ferguson was required to present

3

evidence sufficient to prove that Tretyak was acting "within the scope of [his] employment" when he assaulted her. *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 907 P.2d 358, 360 (Cal. 1995). Under California law, an intentional tort is within the scope of employment if it had a "causal nexus to the employee's work," *id.* at 361, or was "an immediate outgrowth thereof." *Carr v. Wm. C. Crowell Co.*, 171 P.2d 5, 8 (Cal. 1946) (in Bank). "[A] sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions." *Lisa M.*, 907 P.2d at 364. Because Tretyak's actions were "the result of only propinquity and lust," *id.* (quoting *Lyon v. Carey*, 533 F.2d 649, 655 (D.C. Cir. 1976)), rather than his work as a sailor, the torts at issue were plainly not within the scope of his employment.

3.      Ferguson's argument that the district court erred in granting judgment on her negligent hiring claim is waived because she failed to present an argument regarding negligent hiring in her opening brief. *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).

4.      Ferguson did not adduce any evidence to support a negligent supervision claim. Even assuming that claim was properly pleaded in her complaint, Ferguson was required to produce evidence from which a jury could find that Horizon knew or should have known that Tretyak posed a danger to

4

others.  *See Juarez v. Boy Scouts of Am., Inc.*, 97 Cal. Rptr. 2d 12, 25 (Ct. App. 2000) ("[T]here can be no liability for negligent supervision 'in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised.'" (quoting *Noble v. Sears, Roebuck & Co.,* 109 Cal.Rptr. 269, 275 (Ct. App. 1973))).  Ferguson produced no such evidence; thus, she failed to adduce *prima facie* evidence of an essential element of her negligent supervision claim.  Accordingly, Horizon is entitled to summary judgment on this claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**5.**     Ferguson's remaining claims fail because they were not sufficiently pleaded in her complaint.  A district court need not address allegations raised for the first time in response to a motion for summary judgment if the plaintiff's "pleadings did not provide sufficient notice of those allegations."  *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 965 (9th Cir. 2006).  Nothing in Ferguson's complaint provided notice that she intended to advance theories of liability based on failure to enforce a company alcohol policy, violations of Coast Guard regulations, or a heightened duty to protect security guards.  The district court correctly declined to address these untimely claims.

• ● •

The judgment of the district court is

**AFFIRMED.**