[Civ. No. 12742.   Second Dist., Div. Three.   Jan. 30, 1942.]

PAUL ANDREWS, Respondent, v. MILTON SEIDNER et al., Appellants.

Kent Rogers for Appellants.

Harry Alkow and Samuel A. Rosenthal for Respondent.

SHINN, J.—In this action for assault and battery respondent was awarded $1,535 as damages against Seidner, owner of a cafe and beer hall, and Haimsohn, his employee. Both defendants appeal, urging the insufficiency of the evidence to support the findings.

Respondent entered the beer hall, sat on a stool in

front of the bar and had several glasses of beer. He was asked by Haimsohn, who was known to the customers and is referred to in the record as Murphy, and who was behind the bar and in charge of the place in the absence of the owner, to pay for drinks consumed by two women who sat at the bar on stools next to respondent. An argument ensued between respondent and Haimsohn, in which the former denied ordering the drinks and insisted that if he was to be charged for them he would credit the amount, 60 cents, upon a debt for carpenter work which he had done for Seidner which he claimed was unpaid. Haimsohn declined to settle on this basis. Respondent proceeded to the end of the bar where a small gate led into the bartender's domain. The argument continued. Thus far the evidence was without conflict. Plaintiff testified that as he stood outside the gate he was suddenly struck by either Haimsohn or one Brazelton, a customer, and was shoved through a door into the kitchen, where he was beaten by both men, receiving severe lacerations, bruises, and a broken leg. The testimony of other witnesses was that respondent entered the area behind the bar through the gate and attacked Haimsohn; that the latter retreated through the door into the kitchen, where he was followed by respondent. The court accepted the testimony of respondent, found that he was not the aggressor, that he was an invitee and not a trespasser, that Haimsohn was not acting in defense of his person, and that his claim that he used only the force necessary to expel respondent from a portion of the premises where he had no right to be was unfounded. The court also found that Haimsohn was acting at the time within the scope of his employment and upon this finding based the judgment against the employer Seidner.

The facts found with relation to the manner in which the brawl occurred find support in the evidence, and we conclude that the finding that Haimsohn was acting within the scope of his employment, which is challenged by appellant Seidner, is likewise supported. In the attack made on this finding it is argued that upon a view of the evidence most favorable to respondent this court must hold, as a matter of law, that the employee was acting solely on his own behalf and responsibility in committing the assault.

The statutory law on the subject is found in section 2338 of the Civil Code, which provides in substance that a principal is responsible to third persons for wrongful acts

committed by his agent in and as a part of the transaction of the business of the agency. Responsibility of the principal results from acts so committed even though they be contrary to the principal's explicit instructions or otherwise unauthorized, or malicious or wilful. In considering whether an unauthorized wrongful act of an agent is attributable to his principal, we cannot look to the nature of such act alone to see whether it was committed in and as a part of the transaction of the principal's business, but we must consider as well the activity of the agent on behalf of the principal in connection with which the act was committed. The inquiry is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the agent which were authorized by the principal. ■ Of course, where the agent, for however brief a space of time, has ceased to serve his principal, he alone is responsible for his acts during the period of such cessation. But the fact that the questioned act was unauthorized or, if wrongful, that it was not committed in order to further the interests of the principal, will not show such a departure from the service of the principal as will absolve the latter if the act was committed while the agent was still occupying himself with the principal's business within the scope of his employment. Support for these statements, with full citation and discussion of authorities will be found in *Johnson* v. *Monson,* (1920) 183 Cal. 149 [190 Pac. 635]; *Ruppe* v. *City of Los Angeles,* (1921) 186 Cal. 400 [199 Pac. 496]; *Hiroshima v. Pacific Gas & Elec. Co.,* (1936) 18 Cal. App. (2d) 24 [63 Pac. (2d) 340]; *Stansell* v. *Safeway Stores, Inc.,* (1941) 44 Cal. App. (2d) 822 [113 Pac. (2d) 264].

■ In applying the foregoing rules to the facts of the instant case we find that the quarrel between respondent and appellant Haimsohn was precipitated by the efforts of the latter to collect for the drinks that had been served to customers. There was no other contributing cause nor was the controversy a personal one between the participants. The argument over the bill furnished the sole cause of the encounter and both occurred in the course of an unfinished effort of the agent to perform an authorized act for his principal, namely, to induce the customer to pay the price of the drinks. The argument was still under way when the fight started and Haimsohn had not then abandoned his effort to collect the bill. We must take this view of the facts because it is

obvious that the trial judge accepted the testimony of respondent in all important particulars and his story is not incredible.

Under these circumstances the trial judge properly held that the assault was committed in and as a part of business which the employee was authorized to transact for his employer; from this fact the liability of the latter necessarily results.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.