[Civ. No. 14630.   Second Dist., Div. Two.   Nov. 28, 1944.]

GEORGE D. HAWORTH, JR., Respondent, v. LAWRENCE ELLIOTT et al., Appellants.

Charles H. Goebel for Appellants.

Samuel Schekman for Respondent.

MOORE, P. J.—The question for decision is whether the evidence supports the findings that (1) the employees of a barkeeper caused the injuries of plaintiff by the wrongful application of excessive force in ejecting him from the barroom and, (2) if so, whether they were acting within the scope of their employment.

On December 18, 1943, plaintiff in company with his wife and some friends entered a barroom operated by defendant Elliott. While there plaintiff became involved in a quarrel with another invitee. Defendants Collier and Symington, bartenders for Elliott, leaped over the bar and began their efforts to eject plaintiff from the room. Collier grabbed him around the neck and with a headlock dragged him to the door and out into the street. In the course of the ejectment plaintiff's little finger and nose were broken and other serious bodily injuries resulted. He was awarded the sum of $1,200 including approximately $500 as special damages.

Appellants recite the testimony of a number of witnesses to show that the bartenders were not identified as the assailants of plaintiff. But the appellate court is not required to weigh the evidence which has convinced the trial court. It

observed the witnesses and heard them testify. If there is substantial evidence which, in connection with the inferences therefrom most favorable to the respondent, supports the finding, the intendments favor the judgment. (*Bellman* v. *San Francisco H. S. District,* 11 Cal.2d 576, 589 [81 P.2d 894].)

■ The matter of identifying the actual assailant under circumstances of stress and excitement is peculiarly a matter for the trial court and the evidence must be reviewed most favorably to respondent. (*Gackstetter* v. *Market Street Ry. Co.,* 130 Cal.App. 316, 320 [20 P.2d 93].) ■ Findings may be based upon circumstantial evidence alone (*Erreca* v. *Western States Life Insurance Co.,* 19 Cal.2d 388, 397 [121 P.2d 689]), and if it is substantial proof the judgment will not be reversed because of contradictory testimony. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427 [45 P.2d 183]; *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689].) ■ A finding based upon inferences reasonably drawn will not be disturbed on appeal. (*Barsha* v. *Metro-Goldwyn-Mayer,* 32 Cal.App.2d 556, 561 [90 P.2d 371]; *Rideout* v. *City of Los Angeles,* 185 Cal. 426 [197 P. 74]; *Ryder* v. *Bamberger,* 172 Cal. 791, 799 [158 P. 753].)

The witness Swain testified that the "two bartenders jumped over the bar, grabbed hold of the civilians and sailors and separated them and told them to stop fighting"; that thereupon Collier grabbed the plaintiff around the neck and with this headlock proceeded to drag him to the door and out into the street; that Collier was immediately followed by Symington and in a few seconds they both returned to the room but that plaintiff did not return.

The witness Ragsdale who had accompanied plaintiff and his party to the barroom witnessed the commencement of the fight between Haworth and the sailors and saw the bartenders take hold of plaintiff and carry him out. In the course of such removal Ragsdale saw one bartender, in white shirt and apron, with his right hand strike plaintiff who then fell to the ground, following which the bartenders "turned around and came back in and went behind the bar." Ragsdale immediately told the investigating officer that one of the bartenders hit Mr. Haworth. Just prior to the intervention of the bartenders, Ragsdale had laid hold upon Haworth and requested one of the sailors to help hold him and not to hit him. The sailor did not again strike plaintiff. It was at that time that Collier intervened.

██ The assault upon plaintiff by the bartenders was committed while they were acting within the scope of their employment. Defendant Elliott testified that he was absent at the time of the occurrence and that in his absence the two bartenders were in charge of the place; that they were authorized to maintain order, quell disturbances and protect their employer's property; that if necessary it was their duty to eject anyone creating a disturbance and they had the authority to do so. Whether the blows were struck before the bartenders emerged from the barroom or on the sidewalk is wholly immaterial. Regardless of the exact point at which they had arrived before the blows were administered they were acting in the course of their duty to remove one who they believed was creating a disturbance.

██ In order to establish the liability of the employer for injuries inflicted by his employees it is sufficient to prove merely that excessive force was applied and that the servant was acting within the general scope of his employment. *(Riordan* v. *Gas Consumers' Assn.,* 4 Cal.App. 639 [88 P. 809].) It is statutory that a principal is responsible for the wrongful acts committed by his agent when done as a part of the transaction of the business of the agency. (Civ. Code, § 2338.)

██ The front door of the barroom is not the dividing line between liability and nonliability on the part of the proprietor for the tortious acts of his bartenders. His responsibility for wrongful acts of his agents is to be determined from the nature of the tort and from the "activity of the agent on behalf of the principal in connection with which the act was committed." The question is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the agent which were authorized by the principal. *(Andrews* v. *Seidner,* 49 Cal.App.2d 427 [121 P.2d 863].)

██ It is sufficient proof of Elliott's liability that the bartenders were acting in his behalf at the time they ejected Haworth from the barroom. *(Hiroshima* v. *Pacific Gas & Electric Co.,* 18 Cal.App.2d 24 [63 P.2d 340].) ██ Whether their acts were within their employment's scope was for the determination of the trial court. (35 Am.Jur., p. 1040.) ██ To fix the liability of the employer it is not necessary that an assault by his employee should have been made for the purpose of performing a task specifically assigned so long as the assault took place during the course of the employment. *(Stansell* v.

*Safeway Stores, Inc.,* 44 Cal.App.2d 822 [113 P.2d 264].)
Liability of the employer was established by the fact that
assault by the bartenders upon plaintiff grew immediately out
of the performance of duties owed to the barkeeper. *(Gulf Colo-
rado & Santa Fe Ry. Co.* v. *Cobb* (Tex.Civ.App.) 45 S.W.2d
323.) The attempt of the bartenders to remove plaintiff from
the barroom was the sole cause of the encounter and the bar-
keeper is liable therefor. *(Ruppe* v. *City of Los Angeles,* 186
Cal. 400 [199 P. 496]; *Andrews* v. *Seidner, supra;* see *Stan-
sell* v. *Safeway Stores, Inc., supra; Johnson* v. *Monson,* 183
Cal. 149 [190 P. 635].)

Appellants have cited authorities to support their
claim that an agent may use such force as is necessary to resist
anyone who actually threatens the safety or the liberty or
the property of his principal, without incurring liability for
his acts. (Rest. Law of Torts, §§ 5, 63, 76, 77, 343, 346, 347;
Civ. Code, § 50; *Crouch* v. *Ringer,* 110 Wash. 612 [188 P.
782; 9 A.L.R. 374]; *Townsend* v. *Briggs,* 99 Cal. 481 [34 P.
116].) There is nothing in any of the cited authorities con-
trary to our holding. The principles there announced do not
apply to the facts before us. Excessive force was used by the
bartenders against plaintiff who could have been removed from
the barroom without breaking his bones or bruising his body.

Also, the authorities they cite to establish their contention
that at the time of the striking of plaintiff the bartenders
acted beyond the scope of their employment *(People* v. *One
1941 Buick 8 Sedan,* 63 Cal.App.2d 661 [147 P.2d 401]; *Gor-
doy* v. *Flaherty,* 9 Cal.2d 716 [72 P.2d 538]; *Yates* v. *Taft
Lodge,* 6 Cal.App.2d 389 [44 P.2d 409]; *Copelin* v. *Berlin
Dye Works & L. Co.,* 168 Cal. 715 [144 P. 961, L.R.A. 1915C
712]; *Deevy* v. *Tassi,* 21 Cal.2d 109 [130 P.2d 389]) are all
distinguishable. The employees had not abandoned their du-
ties to play with plaintiff, to resent an insult, or to exhibit
their pugilistic talents.

Appellants contend that the assault upon plaintiff
was privileged because (1) it was consented to by plaintiff
and (2) it was necessary to prevent a breach of the peace.
(Citing Rest. of Law of Torts, § 141.) The contention on both
grounds is met by the finding that the bartenders "violently
seized . . . and brutally beat plaintiff about the head, face,
neck, arms, limbs and person, injuring him so severely that
plaintiff was compelled to be hospitalized." The actor

is privileged to apply only such force as a reasonable man under the circumstances would believe to be necessary to prevent a further disturbance of the peace within the barroom or to avoid injury to persons or property there. (*Ibid.*, subd. f.) Plaintiff was fighting no one at the time he was seized by Collier and had done no damage to property or person. No justification appears for the "brutal" assault. The force imposed upon plaintiff was unreasonably excessive.

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.