232 So.2d 895 (1970)
Bobby J. JEFFERSON, Plaintiff-Appellee,
v.
ROSE OIL COMPANY OF DIXIE et al., Defendant-Appellant.
No. 11373.
Court of Appeal of Louisiana, Second Circuit.
March 3, 1970.
Rehearing Denied March 31, 1970.
*896 Theus, Grisham, Davis, Leigh & Brown, by J. C. Theus, Monroe, for defendant-appellant.
Holloway, Baker, Culpepper & Brunson, by Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Before AYRES, DIXON and PRICE, JJ.
PRICE, Judge.
The plaintiff, Bobby J. Jefferson, instituted this suit against the defendants, Rose Oil Company of Dixie and J. W. Newsom, seeking to recover the sum of $22,555.60 as damages for personal injuries resulting from a battery committed by Newsom on his person with a deadly weapon. From a judgment in favor of the plaintiff in the amount of $2,555.00 against Rose Oil Company of Dixie and J. W. Newsom, in solido, Rose Oil Company of Dixie has perfected this suspensive appeal.
The stipulation of facts on which this action was tried shows that the plaintiff drove his automobile into the Rose Oil Company service station, located in Jonesboro, for the purpose of purchasing gasoline. The defendant, who was the night operator of the station, was on duty at the time. The defendant began filling the car of plaintiff with premium gasoline but stopped after placing approximately eighty-two cents worth in the car on being informed that the plaintiff intended to pay for the gas by cashing a check drawn by an individual who had previously given an insufficient check to the station. Newsom refused to cash the check given by the third party as he would be responsible if it were returned by the bank. Further conversation ensued regarding the method of payment for the gas and the refusal of Newsom to cash the check. Newsom then shot plaintiff in the leg with a pistol owned by him personally.
There is no question before this court as to the liability of the defendant, Newsom, as a default judgment was entered against him in the court below when he failed to answer the suit. The sole issue before this court on appeal is whether the trial court was correct in finding Rose Oil Company of Dixie liable for the acts of its servant under Louisiana Civil Code Article 2320 (1870). This codal provision provides in pertinent part:
"Masters and employers are answerable for the damage occasioned by their servants *897 and overseers, in the exercise of the functions in which they are employed."
This article has been interpreted to mean that masters are liable for damages occasioned by the torts of their servants only when committed while the servant was acting within the scope and course of his employment. Under this article, an employer is answerable for damages caused by his employee only when the damage is done while the employee is performing some duty which he is employed to perform. Oliphant v. Town of Lake Providence, 193 La. 675, 192 So. 95 (1939).
The jurisprudence of this State has allowed recovery against the employer for the illegal acts of the employee only where the employee is acting both within the course and the scope of his employment.
Appellant has cited a number of cases denying liability against the employer where the employee has acted from personal motives or where the actions of the employee giving rise to the injury have no beneficial relation to the employer's business. We do not find that any of these cited cases are sufficiently identical with the circumstances of the instant case to be controlling.
In Andrews v. Seidner, 49 Cal.App.2d 427, 121 P.2d 863, the California appellate court had the occasion to consider the liability of the principal for the illegal act of his agent on facts practically identical to those of this case. The Civil Code of California contains a provision substantially the same as Article 2320 of the Louisiana Civil Code. The California court was reviewing a judgment of the trial court allowing recovery against the owner of a bar for the battery committed by his employee in attempting to collect from a patron a bar bill. The appellate court gave the following reasons for affirming the trial court:
"The statutory law on the subject is found in section 2338 of the Civil Code, which provides in substance that a principal is responsible to third persons for wrongful acts committed by his agent in and as a part of the transaction of the business of the agency. Responsibility of the principal results from acts so committed even though they be contrary to the principal's explicit instructions or otherwise unauthorized, or malicious or wilful. In considering whether an unauthorized wrongful act of an agent is attributable to his principal, we cannot look to the nature of such act alone to see whether it was committed in and as a part of the transaction of the principal's business, but we must consider as well the activity of the agent on behalf of the principal in connection with which the act was committed. The inquiry is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the agent which were authorized by the principal. Of course, where the agent, for however brief a space of time, has ceased to serve his principal, he alone is responsible for his acts during the period of such cessation. But the fact that the questioned act was unauthorized or, if wrongful, that it was not committed in order to further the interests of the principal, will not show such a departure from the service of the principal as will absolve the latter if the act was committed while the agent was still occupying himself with the principal's business within the scope of his employment. * * *

"In applying the foregoing rules to the facts of the instant case we find that the quarrel between respondent and appellant Haimsohn was precipitated by the efforts of the latter to collect for the drinks that had been served to customers. There was no other contributing cause nor was the controversy a personal one between the participants. The argument over the bill furnished the sole cause of the encounter and both occurred in the course of an unfinished effort of *898 the agent to perform an unauthorized act for his principal, namely, to induce the customer to pay the price of the drinks. The argument was still under way when the fight started and Haimsohn had not then abandoned his effort to collect the bill. * * *

"Under these circumstances the trial judge properly held that the assault was committed in and as a part of business which the employee was authorized to transact for his employer; from this fact the liability of the latter necessarily results." (121 P.2d p. 864) (Emphasis supplied)
In the case before us we find the entire transaction between plaintiff and Newsom to be related solely to the business which Newsom was authorized to transact for Rose Oil Company. It may well be that he was not authorized to use force in collecting for merchandise sold. Nevertheless, he was attempting to collect for the price of the gasoline already placed in plaintiff's tank. This was in furtherance of the employer's business as distinguished from any personal controversy that may have existed between Newsom and plaintiff.
We are of the opinion that the authority, or lack of authority, of the employee to do the act causing the injury should not be the controlling criteria on which to base liability. As pointed out by the district judge in his written reasons for judgment it would be unusual for an employer to ever grant authority to an employee to commit an illegal or a negligent act. The true test of liability should be whether the act which causes injury was committed in and as a part of the business which the employee was authorized to transact for his employer.
For the foregoing reasons we are of the opinion that Newsom was acting both within the scope and course of his employment at the time the battery was committed, and for this reason his employer should be held liable under the provisions of Article 2320 of the Louisiana Civil Code.
No issue is raised as to the award made by the trial court for the injuries to plaintiff.
It is therefore ordered that the judgment appealed from be affirmed at appellant's cost.