**Murdaugh Stuart MADDEN, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**No. 6691.**

District of Columbia Court of Appeals.

Argued March 5, 1973.

Decided July 20, 1973.

Murdaugh Stuart Madden, pro se.

Vincent H. Cohen, Washington, D. C., for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

PER CURIAM:

This appeal is from an order dismissing a complaint for assault and battery allegedly committed by D. C. Transit System, Inc. (appellee) through its employees. Upon consideration of the record, the briefs and of the oral argument of counsel, we affirm.

In the complaint filed in the United States District Court for the District of Columbia on January 14, 1971, appellant al-

leged that, while standing first on the traffic island near the northeast corner of 16th and K Streets, N. W. and, shortly thereafter, at the southeast corner of the same intersection, he was assaulted by fumes and offensive oily substances which appellee permitted to spew from two of its buses. Demanding damages in the sum of $70,000, appellant alleged further that appellee was aware that the by-products complained of were regularly discharged from its buses and that for this reason such acts were intentional.

Answering the complaint, appellee denied any liability in the matter urging specifically that the complaint failed to state a cause of action upon which relief could be granted.[1] The United States District Court for the District of Columbia certified the cause to the Superior Court and, after the completion of discovery procedures, the action was dismissed—the court holding that, absent a showing of malice, willfulness or specific wrongful intent, appellee could not be held liable for the acts alleged.

 An essential element of the ancient tort of assault is the intentional putting another in *apprehension* of an *immediate* and harmful or offensive conduct. *See* Restatement (Second) of Torts §§ 21, 22 (1965). *Accord,* 6 Am.Jur. (Second) Assault and Battery §§ 4, 109 (1963); C.J.S. Assault and Battery § 10(a)(1) (1968). Absent any such allegation of apprehension, the complaint, insofar as it alleged an assault, was clearly deficient.

The complaint was deficient also in respect to the alleged battery. Not only did appellant fail to allege the essential elements of an assault, but he failed also to allege intent—one of the essential elements of the tort of battery. Restatement (Second) of Torts § 16(2) (1965). *See also* 1 Harper and James, Law of Torts § 3.3 (1956 ed.). Appellant contends nevertheless that his allegations of wanton and ma-

licious conduct were sufficient to satisfy the requisite intentionality. We disagree. Such allegations were nothing more than legal conclusions which the court was not bound to accept. Pauling v. McElroy, 107 U.S.App.D.C. 372, 373–374, 278 F.2d 252, 253–254, cert. denied, 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed.2d 60 (1960).

Appellant has not cited this court to any authority which supports the cause of action he sought to maintain, and we decline to create for him a cause of action. Because we have been unable to find in the allegations of the complaint the requisite intentionality which inheres in a claim for assault and battery, the judgment of the court below is

Affirmed.