BOLIN, Judge.
The issue is whether nor not plaintiff alleged sufficient facts to show defendant employee was acting within the course and scope of his employment as a store clerk when he struck plaintiff customer with an ax handle in the store. The trial court sustained an exception of no cause of action filed by the employer and its insurer and dismissed plaintiff’s suit against these parties. We reverse and remand.
Plaintiff alleged that he, his wife, and his minor child entered defendant’s hardware store to shop for a particular tool. Plaintiff’s wife found the tool, asked defendant employee its price, and informed him she considered the quoted price too high. While plaintiff’s wife was returning the-merchandise to the display rack, the employee began verbally abusing plaintiff and came from behind the store counter and struck plaintiff on the head with an ax handle.
The particular circumstances of each case will determine whether the employee’s conduct is within or without the course and scope of his employment. Miller v. Keating, 349 So.2d 265 (La.1977). The dispute which erupts into violence must be either employment rooted or reasonably incidental to the performance of the employee’s duties. LeBrane v. Lewis, 292 So.2d 216 (La.1974); Jefferson v. Rose Oil Company of Dixie, 232 So.2d 895 (La.App. 2d Cir., 1970).
In Jefferson a service station employee shot a customer in the leg during an altercation over the payment of 82 cents worth of gasoline which the customer had pumped into his vehicle’s fuel tank. We found the transaction between the employee and the customer was incidental to the business which the employee was authorized to perform and held the employer vicariously liable.
Plaintiff’s allegations here show the battery may have been incidental to a business contact between customer and employee; the store clerk was required to answer a customer’s questions about the price of merchandise. If the evidence shows the battery arose out of a purely personal matter between plaintiff and the employee, the employer would not be vicariously liable. See LeBrane, supra. However, the question of the employer’s ultimate liability is not now before us. In maintaining plaintiff’s petition when we can reasonably do so, we afford the plaintiff an opportunity to present evidence to prove the employer’s liability. See Haskins v. Clary, 346 So.2d 193 (La.1977).
The judgment is reversed, the exception of no cause of action is overruled, and the case is remanded for further proceedings. Appellees are assessed with the costs of this appeal and all other costs are to await the final determination of this cause.